**O**
**JS-6**

cc: order, docket, remand letter to
Riverside County Superior Court,
Hemet, No. HEC 1300422

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS as Trustee for RALI 2003-QS15,<br><br>Plaintiff,<br>v.<br>ERNIE ALE et al.,<br><br>Defendants. | Case No. 5:13-cv-00350-ODW (DTBx)<br><br>**ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT** |

On February 25, 2013, Defendants Ernie Ale and Andrea Bond removed this case from Riverside County Superior Court to this Court. But after carefully considering the papers filed in conjunction with the Notice of Removal, the Court determines that it lacks subject-matter jurisdiction over this case. The case is accordingly **REMANDED** to Riverside County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But a removed action must be remanded to state court if the federal court finds it lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Ale and Bond claim that this Court has federal-question jurisdiction over this state-law unlawful-detainer action under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220. (ECF No. 1.)

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of a federal defense. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

The Court finds that it lacks federal-question jurisdiction over this case. There is no federal-question jurisdiction over unlawful-detainers actions. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful-detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Neither does federal-question jurisdiction lie for Defendants at the end of the PTFA tunnel. Defendants claim that Deutsche Bank Trust Company's Complaint is based upon the PTFA and unlawful detainer. (Notice of Removal ¶ 7.) Not so. Plaintiff brought its Complaint under California Code of Civil Procedure section 1161a—an entirely state-law claim. That Defendants might potentially assert some defense based on the PTFA, or that Defendants think the case could have been filed under the PTFA, does not vest this Court with federal-question jurisdiction.

///

Defendants do not argue removal based upon diversity jurisdiction—and for good reason. Plaintiff specifically alleged in its Complaint that the "AMOUNT DEMANDED DOES NOT EXCEED $10,000." (Compl. 1.) Such amount falls far short of the $75,000 amount-in-controversy minimum threshold. 28 U.S.C. § 1332(a).

In light of the foregoing, the Court hereby **REMANDS** this case to the Riverside County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

February 28, 2013

_____
**OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**